FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

OCT 1 4 2010

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X

INTERNATIONAL FIDELITY INSURANCE
COMPANY,

CV 10 - 4709

Plaintiff,

**COMPLAINT**

- against -

Docket No. GARAUFIS, J.

VARDARIS TECH, INC., 9-15 38TH STREET LLC,
and ELIAS RIZOS,

AZRACK, M.J.

Defendants.

-------------------------------------------X

Plaintiff, **INTERNATIONAL FIDELITY INSURANCE COMPANY**, as and for its

Complaint against the above-captioned defendants, alleges as follows:

## PARTIES

1.      The plaintiff, International Fidelity Insurance Company ("International"), is a

corporation organized and existing pursuant to the laws of the State of New Jersey, with its

principal place of business at One Newark Center, Newark, New Jersey.

2.      Upon information and belief, defendant Vardaris Tech, Inc., is a corporation

organized and existing pursuant to the laws of the State of New York, with its principal place of

business at 9-15 38th Avenue, Long Island City, New York.

3.      Upon information and belief, defendant 9-15 38th Street LLC is a limited

liability company organized and existing pursuant to the laws of the State of New York, with

its principal place of business at 9-15 38th Avenue, Long Island City, New York.

4.      Upon information and belief, defendant Elias Rizos is a citizen of the State of

New York, residing at 19-37 77th Street, East Elmhurst, New York.

5.     Upon information and belief, defendant Elias Rizos is the principal of defendant Vardaris Tech. (Hereinafter, defendants Vardaris Tech, 9-15 38th Street LLC, and Elias Rizos are referred to as the "Indemnitors".)

## JURISDICTION AND VENUE

6.     Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the matters set forth herein, as the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

7.     Venue is proper pursuant to 28 U.S.C. § 1391 in that Defendants reside in this judicial district.

## PERTINENT FACTS

8.     At the specific request of the Indemnitors, International, as surety, executed various Performance and Payment bonds on behalf of Vardaris Tech, as principal, in favor of the New York City School Construction Authority (the "SCA"), as obligee, in connection with various construction projects, including but not limited to work at the following schools: PS 1, PS 8, PS 54, PS 69, PS 115, PS 119, PS 123, PS 148, PS 158, PS 164, PS 165, PS 171, PS 213, PS 256, PS 287, IS 135, IS 142, IS 184, and JK Onassis High School (referred to herein as the "International Projects").

9.     As a condition precedent to International's execution of bonds on behalf of Vardaris Tech, the Indemnitors executed an Agreement of Indemnity in International's favor.

10.    In paragraph "SECOND" of the Agreement of Indemnity, the Indemnitors agreed that they would indemnify and hold International harmless from and against any and all losses, costs, and expenses (including counsel fees) that International may incur as a result of having executed bonds on behalf of Vardaris Tech, as a result of the breach of any covenant of

2

the Agreement of Indemnity by the Indemnitors, and/or in enforcing the terms and covenants of the Agreement of Indemnity.

11.    In furtherance of this obligation, the Indemnitors agreed that they would "deposit with [International] on demand an amount of money or other collateral security acceptable to [International], as soon as liability exists or is asserted against [International], whether or not [International] shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by [International]."

12.    In paragraph "FOURTH", the Indemnitors agreed that all payments made or owed to Vardaris Tech on any bonded contract are trust funds, held for the benefit of (a) those who supply labor and/or materials to the International Projects and (b) International, and for the satisfaction of any other obligation for which International could be liable under any bond.

13.    The Indemnitors further agreed that the trust funds on a particular International Project would be used solely for the purpose of performing that project and discharging all bonded obligations "and for no other purpose until the Bond [for that particular project] is completely exonerated."

14.    The Indemnitors further agreed that, upon International's demand, for each respective bonded project Vardaris Tech would open a bank account at a bank approved by International, which account would be designated as a trust account for the deposit of trust funds, and would deposit all payments received on that particular bonded project in the corresponding trust account. All withdrawals from such accounts (for all projects) required the signatures of both Vardaris Tech and International. (This process is referred to herein as "Funds Control".)

3

15.     On or about July 13, 2005, defendants Vardaris Tech and Elias Rizos were named as defendants in an action entitled *Luis Alfaro, et al., individually and on behalf of all other persons similarly situated v. Vardaris Tech, Inc., et al.,* in the Supreme Court of the State of New York, County of New York, Index No.: 109673/05 (the "Prevailing Wage Litigation").

16.     In the Prevailing Wage Litigation, the plaintiff class alleged that Vardaris Tech failed to pay prevailing wage to its laborers on certain construction projects (which projects were not bonded by International).

17.     Upon information and belief, on or about May 21, 2010, the parties to the Prevailing Wage Litigation entered into a "Memorandum of Understanding" settling the Prevailing Wage Litigation.

18.     Pursuant to the Memorandum of Understanding, the Prevailing Wage Litigation was settled by way of the creation of a $3.6 million fund, to be funded largely by Vardaris Tech.

19.     When International learned of this settlement and the significant financial obligation being assumed by Vardaris Tech, it retained consultants to review the impact thereof upon Vardaris Tech's ability to perform the International Projects.

20.     International's consultants determined that Vardaris Tech may not be able to satisfy its payment obligations under the Memorandum of Understanding without diverting payments it receives on the International Projects.

21.     Such diversion of project payments on the International Projects would be a violation of both Article 3-A of the Lien Law and paragraph FOURTH of the Agreement of Indemnity.

4

22.     According to International's consultants, such a diversion of project payments also would expose International to the possibility of losses under its bonds as, for example, such diversion likely would leave Vardaris Tech unable to pay its subcontractors, laborers, or suppliers on the project from which contract proceeds were diverted.

23.     In light of the foregoing, International requested that the Indemnitors satisfy their obligations under paragraph FOURTH of the Agreement of Indemnity and take the steps required to put Funds Control into place.

24.     The Indemnitors rejected International's request and have refused to perform their obligations under paragraph FOURTH of the Agreement of Indemnity.

25.     As a result of all of the above, International set a reserve against potential loss under its bonds of $2,160,000.00.

26.     By letter dated July 12, 2010, International demanded that the Indemnitors deposit the sum of $2,160,000.00 – the amount of the reserve – with International as collateral security, pursuant to paragraph SECOND of the Agreement of Indemnity.

27.     The Indemnitors expressly rejected International's demand for collateral security, asserting that International was not entitled to collateral because no claim had been asserted against any of its bonds.

28.     On or about September 3, 2010, International was served with the Summons and Complaint in a suit entitled *RICI Corp. v. Vardaris Tech Inc., et al.,* pending in the Supreme Court of the State of New York, County of Queens, under the index number 13639/10.

29.     The Complaint in the *RICI* action alleges that Vardaris Tech failed to pay the plaintiff for labor and/or materials it supplied on at least one of the International Projects.

5

30.     The Complaint thus also seeks to recover from International for all unpaid amounts due on any of the International Projects.

31.     The *RICI* lawsuit demonstrates that International's fears about Vardaris Tech's misuse of trust funds on the International Proceeds may be realized.

32.     The *RICI* lawsuit also invalidates the Indemnitors' asserted ground for refusing to satisfy International's collateral demand (to the extent their assertion had any merit, which International denies).

33.     In light of its receipt of the *RICI* suit, by letter dated September 10, 2010, International reiterated its demands for collateralization and Funds Control.

34.     As of the date of this Complaint, International has not received a response to this letter.

## FIRST CAUSE OF ACTION

35.     International repeats and reasserts the allegations contained in paragraphs 1 through 34 with the same force and effect as if set forth at length.

36.     International has made due demand upon the Indemnitors to deposit collateral security in the amount of the reserve, $2,160,000.00.

37.     The Indemnitors have failed and refused to satisfy this demand.

38.     Upon information and belief, the Indemnitors are able to perform their obligation to deposit collateral security in the amount demanded.

39.     The Indemnitors are in breach of the Agreement of Indemnity.

40.     International is suffering, and will continue to suffer, irreparable injury as a result of the Indemnitors' failure and refusal to deposit collateral security in the amount demanded, as required by the Agreement of Indemnity.

6

41. International lacks an adequate remedy at law.

42. International is entitled to judgment compelling the Indemnitors to perform, specifically and immediately, their obligations under the Agreement of Indemnity including, but not limited to, their obligation under Paragraph SECOND of the Agreement of Indemnity to deposit collateral security with International in the amount of the reserve set by International, $2,160,000.00.

## SECOND CAUSE OF ACTION

43. International repeats and reasserts the allegations contained in paragraphs 1 through 42 with the same force and effect as if set forth at length.

44. The Indemnitors' refusal to take the steps necessary to put Funds Control in place, as described in paragraph FOURTH of the Agreement of Indemnity, is a breach of the Agreement of Indemnity.

45. Upon information and belief, the Indemnitors are able to perform their obligation to effect Funds Control, as described in paragraph FOURTH of the Agreement of Indemnity.

46. International is suffering, and will continue to suffer, irreparable injury as a result of the Indemnitors' failure and refusal to effect Funds Control, as described in the Agreement of Indemnity.

47. International lacks an adequate remedy at law.

48. International is entitled to judgment compelling the Indemnitors to perform, specifically and immediately, their obligations under the Agreement of Indemnity including, but not limited to, their obligation under Paragraph FOURTH thereof to take the steps required to effect Funds Control.

7

## **THIRD CAUSE OF ACTION**

49.     International repeats and reasserts the allegations contained in paragraphs 1 through 48 with the same force and effect as if set forth at length.

50.     As a result of the foregoing, International has retained the services of consultants and attorneys to assist it with, *inter alia,* the protection and enforcement of its rights under the Agreement of Indemnity.

51.     As a result of the *RICI* claim, and any other claim International may receive against its bonds, International is exposed to liability thereunder.

52.     In paragraph SECOND of the Agreement of Indemnity, the Indemnitors agreed to indemnify and hold International harmless against all losses, costs, and expenses, including consultant's and counsel fees, that International may incur as a result of having executed bonds on behalf of Vardaris Tech and/or in the protection and enforcement of its rights under the Agreement of Indemnity.

53.     International is entitled to judgment against the Indemnitors in the amount of all losses, costs, and expenses that International pays as a result of having executed bonds on behalf of Vardaris Tech and/or in the protection and enforcement of its rights under the Agreement of Indemnity, which amount is to be determined.

**WHEREFORE,** International demands judgment as follows:

(a)     on the First Cause of Action, compelling Defendants to perform, specifically and immediately, their obligations under the Agreement of Indemnity including, but not limited to, their obligation under Paragraph SECOND of the Agreement of Indemnity to deposit collateral security with the Surety in the amount of the reserve set by the Surety, $2,160,000.00;

8

(b)    on the Second Cause of Action, compelling Defendants to perform, specifically and immediately, their obligations under the Agreement of Indemnity including, but not limited to, their obligation under Paragraph FOURTH thereof to take the steps required to put Funds Control in place;

(c)    on the Third Cause of Action, against Defendants in an amount to be determined;

(d)    all of the foregoing with interest, costs, and disbursements, and

(e)    awarding International such other and further relief as the Court deems just and proper.

Dated: October 10, 2010

WOLFF & SAMSON PC
Attorneys for Plaintiff
*International Fidelity Insurance Company*

*adam P. Friedman*

By: ~    /s Adam P. Friedman    ~
    Adam P. Friedman (AF-5700)

140 Broadway, 46th Floor
New York, New York 10005
(212) 973-0572

9